IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT Q. WOODS, | : | Civil No. 1:25-CV-00684 |
| Petitioner, | : | |
| v. | : | |
| J. GREENE, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Robert Q. Woods ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S. C. § 2241 challenging the Bureau of Prisons' ("BOP") determination that he is not eligible for earned time credits ("ETC") under the First Step Act ("FSA") because he was found to have a leadership role in his underlying criminal conviction making him ineligible. (Doc. 1.)  For the following reasons, the court will dismiss the petition.

### PROCEDURAL HISTORY

On August 28, 2018, Petitioner was sentenced to 151 months of imprisonment after pleading guilty to conspiracy to distribute and to the distribution of methamphetamine.  *United States v. Woods*, No. 1:17-CR-110-SNLJ-1, Doc. 95 (E.D. Mo.).  Petitioner is currently housed in the Federal Correctional Institution-Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania.

1

Petitioner initiated this habeas corpus action under 28 U.S.C. § 2241 on April 14, 2025. (Doc. 1.) On May 9, 2025, the court entered an order serving the petition on Respondent. (Doc. 8.) Respondent filed a response to the petition on May 28, 2025. (Doc. 10.) Petitioner filed a traverse and an amended traverse. (Docs. 14, 21.) In August, Petitioner also filed a motion to expedite the petition. (Doc. 25.) The court will now address the petition in full.

## VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner is housed at FCI-Allenwood in Union County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, this court is the proper venue for the action.

## DISCUSSION

Here, Petitioner is alleging that the BOP is precluding him from earning ETCs because of his status as an organizer or leader in the underlying criminal offense. (Docs. 1, 2.) Petitioner alleges that this ineligibility to earn ETCs under the FSA results in him being held in detention beyond the date he would be eligible for release or transfer under the correct application of the FSA. (Doc. 2.)

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. *See id*. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. *See id*. § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible for ETCs. *See id*. § 3632(d)(4)(D). This list of convictions includes specific convictions under Section 841 as follows:

> Subparagraph (A)(viii) or (B)(viii) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(H) or (2)(H) of section 1010(b) the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, or knowingly importing or exporting, a mixture of substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission.

18 U.S.C. § 3632(d)(4)(D)(lxvii).

Respondent asserts that the Presentence Investigation Report ("PSR")found that an upward adjustment to Petitioner's total offense level was warranted due to his role as an organizer, leader, manager, or supervisor in the criminal activity giving rise to the underlying criminal charges and that in the statement of reasons, the sentencing court adopted the findings of the pretrial sentence report in its entirety without change. (Docs. 10, 10-2.) In contrast, Petitioner is asserting that he was sentenced under the career offender guidelines, which assigns a specific offense level and criminal history category that supersedes the standard guideline calculation, including offenses enhancements such as leadership roles. (Doc. 21.) Petitioner alleges that his PSR lists two different sentencing schemes, the first is the regular guideline sentencing range and the other is the career offender guidelines range. (*Id*.) He asserts that the sentencing court adopted the career offender guideline range, and, by doing so, did not adopt a finding that he had a leadership role in the underlying criminal conduct. (*Id*.) Thus, under Petitioner's argument, there is no finding that he had a leadership role.

If, as here, the petitioner's sentencing record does not identify a penalty provision, courts have consulted the plea agreement, the PSR and the district court's sentence to determine the § 841(b) penalty provision. *United States v. Coleman*, 66 F.4th 108, 111 (3d Cir. 2023). Respondent has presented evidence

4

that Petitioner's PSR found that an upward adjustment to Petitioner's total offense level was warranted due the fact that he was an organizer, leader, manager, or supervisor in the criminal activity, and it also found that Chapter Four Enhancement was warranted under the circumstances because Petitioner met the criteria of a Career Offender.  (Doc. 10-2.)

Respondent has not provided this court with the PSR or the statement of reasons.  (Doc. 10-2.)  Instead, Respondent has provided an affidavit that summarizes these documents.  (Doc. 10-2.)  Despite not having the documents at issue to consider, the court notes that Petitioner concedes that the PSR "mentions a possible leadership enhancement under U.S.S.G. 3B1.1 and the court adopted the PSR without change."  (Doc. 14.)  Indeed, a review of the sentencing hearing transcript demonstrates that the sentencing court stated three times that the factual findings of the PSR were adopted.  *Woods*, No. 1:09-CR-171-SNLJ-1, Doc. 71.

In support of his argument, Petitioner provides citations to multiple cases in support of his assertion that unless the enhancement is adopted and impacts the offense level used at sentencing, it becomes legally irrelevant for FSA eligibility.  (Docs. 14, 21.)  However, none of the case citations are accurate, and the only one that is, *Kennedy-Robey v. FCI Pekin*, No. 20-cv-1371, 2021 WL 797516, does not contain the material quoted in Petitioner's traverse.  (Doc. 21.)  Therefore, the cited cases do not support his argument.

The parties agree that the PSR found Petitioner to have a leadership role in the criminal activity giving rise to the conviction and the PSR was adopted in full. Therefore, the sentencing court found that Petitioner was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission, and he is precluded from earning ETCs under the FSA. 18 U.S.C. § 3632(d)(4)(D)(lxvii). For this reason, the court will dismiss the petition.

## Conclusion

For the above stated reasons, the court will dismiss the petition. The motion to expedite will be denied as moot. The court will direct the Clerk of Court to close the case.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 22, 2025