IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT Q. WOODS, | : | Civil No. 1:25-CV-00684 |
| Petitioner, | : | |
| v. | : | |
| J. GREENE, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

# **MEMORANDUM**

Before the court is Petitioner Robert Q. Woods' motion for reconsideration of the court's October 22, 2025 order closing the case. (Doc. 28.)[1] The crux of the motion is that the court reviewed the incorrect sentencing hearing transcript and, if the court had reviewed the correct transcript, it would see that his presentence investigation report ("PSR") was not adopted at the time of sentencing. (*Id*.) The court did review the correct sentencing hearing transcript and determined that the sentencing court adopted the PSR in full. Therefore, the court will deny Petitioner's motion for reconsideration.

## BACKGROUND AND PROCEDURAL HISTORY

On August 28, 2018, Petitioner was sentenced to 151 months of imprisonment after pleading guilty to conspiracy to distribute and to the

---

[1] Petitioner did not file a brief in support of his motion for reconsideration as required under Local Rule 7.5. However, the motion itself contains his arguments. (Doc. 28.) Therefore, the court will liberally construe his filing and address the motion at this time. However, Petitioner is cautioned that future motions must be accompanied by a separate brief in support.

1

distribution of methamphetamine under 21 U.S.C. § 841.  *United States v. Woods*, No. 1:17-CR-110-SNLJ-1, Doc. 95 (E.D. Mo.).  Petitioner is currently housed in the Federal Correctional Institution-Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania.

Petitioner initiated this habeas corpus action under 28 U.S.C. § 2241 on April 14, 2025 alleging that the he should be found eligible for credits under the First Step Act ("FSA") because the sentencing court did not make an affirmative finding that he was an organizer, leader, manger, or supervisor of others in the underlying offense as set forth by 18 U.S.C. § 3632(d)(4)(D)(lxvii).  (Doc. 1.)  On May 9, 2025, the court entered an order serving the petition on Respondent.  (Doc. 8.)  Respondent filed a response to the petition on May 28, 2025.  (Doc. 10.)  Petitioner filed a traverse and an amended traverse.  (Docs. 14, 21.)

On October 22, 2025, the court entered a memorandum and order dismissing the petition.  (Docs. 26, 27.)  In the memorandum, the court found that both parties agreed that the PSR speaks to Petitioner's leadership role resulting in an enhancement under U.S.S.G. 3B1.1.  (Doc. 26, p. 5.)[2]  The court also stated it reviewed the sentencing hearing transcript and found that the sentencing court adopted the PSR.  (*Id.*)  In doing so, the court cited a document in one of

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

Petitioner's 2009 criminal cases that was associated with the 2017 conviction.³ (*Id.*)

On November 10, 2025, Petitioner filed the instant motion for reconsideration arguing that had the court reviewed the correct sentencing hearing transcript in the 2017 case, it would not have found that the sentencing court adopted the PSR in full. (Doc. 28.) Additionally, Petitioner reasserts the arguments he originally raised in support of his petition. (*Id.*)

The court will now address the pending motion for reconsideration.

### STANDARD

Petitioner raises his motion for reconsideration under Fed. R. Civ. P. 59(e) and 72(a).⁴ (Doc. 28, p. 1.)

Rule 59(e) is "a device . . . used to allege legal error," *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003), and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited, and it may not be

---

³ The sentencing hearing in No. 1:17-CR-110-SNLJ-1 addressed both the sentencing for the conviction from the underlying criminal conduct of that case and the sentencing for supervised release violations in two other criminal cases. *See Woods*, No. 1:17-CR-110-SNLJ-1, Doc. 127. In reviewing the petition previously, the court reviewed the sentencing hearing transcripts in all cases and cited a 2009 case instead of the 2017 case.

⁴ Federal Rule of Civil Procedure 72(a) addresses the resolution of nondispositive matters by Magistrate Judges. It does not set forth authority regarding a motion for reconsideration.

used as an opportunity to relitigate the case. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## DISCUSSION

Petitioner alleges that the court erred by not reviewing the correct sentencing hearing transcript and that if the correct transcript had been reviewed, there would be a different result. (Doc. 28.) Therefore, he is alleging that there is a clear error of fact in the court's October 22, 2025 decision.

The court has reviewed the transcript in *Woods*, No. 1:17-CR-110-SNLJ-1 at Doc. 127, and finds that the sentencing court initially adopted the PSR as written subject to a single objection on page 3 of the transcript. Following consideration of the single objection, the sentencing court then overruled the objection and adopted the PSR in full on page 10 of the transcript. Additionally, the Courtroom Minute Sheet from the sentencing proceedings states that the PSR was adopted/accepted by the court. *Id.*, Doc. 94. Therefore, any error by the court in citing the incorrect sentencing hearing transcript does not prejudice Petitioner. The conclusion remains the same: the sentencing court adopted the PSR in full. The

parties agree that the PSR included a finding that Petitioner had a leadership role in the underlying criminal conduct making him illegible for earned time credits under the FSA pursuant to 18 U.S.C. § 3632(d)(4)(D)(lxvii).

The remaining challenges Petitioner raises in his motion for reconsideration amount to an attempt to reassert the arguments he made in his original petition and supporting briefing. (Doc. 28). Rule 59(e) may not be used as an opportunity to relitigate the case. *See Blystone*, 664 F.3d at 415. Therefore, the court need not address these challenges further.

## CONCLUSION

For the above stated reasons, Petitioner's motion for reconsideration of the court's October 22, 2025 memorandum and order will be denied. The case will remain closed.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 2, 2026